IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUN OWNERS OF AMERICA, INC. 8001 Forbes Place Suite 202 Springfield, VA  22151 | )<br>)<br>)<br>)  Civil No. 23-10<br>) |
| and | )<br>) |
| GUN OWNERS FOUNDATION 8001 Forbes Place Suite 202 Springfield, VA  22151 | )<br>)<br>)<br>)<br>) |
|       Plaintiffs, | )<br>) |
|       v. | )<br>) |
| DEPARTMENT OF HOMELAND SECURITY 2707 Martin Luther King Jr. Ave SE, Gate 1 Washington, DC 20016 | )<br>)<br>)<br>) |
| and | )<br>) |
| FEDERAL BUREAU OF INVESTIGATION 935 Pennsylvania Avenue, N.W. Washington, D.C.  20535-0001 | )<br>)<br>)<br>) |
|       Defendants. | )<br>) |

## **COMPLAINT**

Come now Gun Owners of America, Inc. and Gun Owners Foundation ("Plaintiffs"),

by and through undersigned counsel, and allege as follows:

1.     This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for

injunctive and other appropriate relief seeking the disclosure and release of agency records

improperly withheld from Plaintiffs by Defendants Department of Homeland Security

("DHS") and the Federal Bureau of Investigation ("FBI").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

3.     Venue lies in this district under 28 U.S.C. § 1391(e).

## PARTIES

4.     Plaintiff Gun Owners of America, Inc. ("GOA") is a California non-stock corporation with its principal place of business in Springfield, Virginia.  Gun Owners of America is organized and operated as a non-profit membership organization, exempt from federal income taxes under Section 501(c)(4) of the U.S. Internal Revenue Code.  Gun Owners of America seeks to promote social welfare through informing and educating the public on and conducting activities in defense of the Second Amendment and the right to keep and bear arms.

5. Plaintiff Gun Owners Foundation ("GOF") is a Virginia nonstock corporation, organized and operated as a non-profit legal defense and educational foundation that is exempt from federal income taxes under Section 501(c)(3) of the Internal Revenue Code.

6.   Defendant Department of Homeland Security is an agency within the meaning of 5 U.S.C. § 552(f).  Defendant DHS has possession, custody, and control of records to which Plaintiffs seek access.

7.   Defendant Federal Bureau of Investigation is a law enforcement bureau within the U.S. Department of Justice, a department of the United States Government, and is headquartered at 935 Pennsylvania Avenue, N.W., Washington, D.C.   20535-0001. Defendant has possession, custody, and control of records to which Plaintiffs seek access.

**STATEMENT OF FACTS**

8.   On March 18, 2022, Plaintiffs transmitted a Freedom of Information Act ("FOIA") request to Defendant DHS.  The FOIA was submitted via the DHS online portal, which assigned the following number to Plaintiffs' FOIA: 2022-IAFO-00095.  A true and correct copy of the FOIA is attached as Exhibit "A."

9.   Plaintiffs' FOIA requested the following:

   (a) The Intelligence in Depth report titled "Diverse DVE Landscape Probably Will Persist" dated December 30, 2020.

10.  As noted in Plaintiffs' FOIA, this document was linked in a Senate Staff Report at https://www.rules.senate.gov/imo/media/doc/Jan%206%20HSGAC%20Rules%20Report.pdf with additional reporting at Newsweek: https://www.newsweek.com/exclusive-secret-threat-report-named-everyone-except-angry-donald-trump-voters-1661317.

11. DHS acknowledged Plaintiffs' FOIA, but "determined that the information... is not under the purview of DHS I&A" and suggested Plaintiffs seek the information from the FBI.  *See* Exhibit "B."  The DHS letter also claims that it is not a "denial" of Plaintiffs' request and offers no appeal rights, and therefore, there are no administrative remedies to exhaust with respect to the DHS FOIA.

12. Plaintiffs then sought the same report in a FOIA submitted to Defendant FBI on May 13, 2022. A true and correct copy of the FOIA to the FBI is attached as Exhibit "C."

13. On May 19, 2022, the FBI acknowledged Plaintiffs' request and assigned it FOIPA Request No. 1546052-000.  *See* Exhibit "D."

14. The FBI has failed to provide any responsive records or otherwise claim any exemption.

15. Notably, the DHS letter did not claim that DHS does not have in its possession the document requested, but only that it is not with DHS's "purview."  Thus, DHS has failed to provide any responsive records or otherwise claim any exemption in response to Plaintiffs' FOIA.

16. Since Defendants have failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i), Plaintiffs are deemed to have fully exhausted any and all administrative remedies with respect to their FOIA requests.  *See* 5 U.S.C. § 552(a)(6)(C).

17. And because DHS's response letter failed to provide Plaintiffs without any appeal remedies, there is no additional administrative remedies for Plaintiffs to exhaust.

18. Plaintiffs are nonprofit organizations seeking information with which to inform and educate the public about the workings of government.  Release of the records requested is in the public interest.

19.  As of the date of this Complaint, both DHS and FBI have failed to: (i) fully comply with the statutory requirements with respect to Plaintiffs' FOIA requests; and (ii) produce the requested record or otherwise demonstrate that the requested record is exempt from production.

## COUNT I
### (Violation of FOIA,  5 U.S.C. § 552)

20.  Plaintiffs reallege the preceding paragraphs as if fully stated herein.

21.  Defendants DHS and FBI are unlawfully withholding records requested by Plaintiffs pursuant to 5 U.S.C. §552.

22.  Plaintiffs are being irreparably harmed by reason of Defendants' unlawful withholding of records responsive to Plaintiffs' FOIA requests, and Plaintiffs will continue

to be irreparably harmed unless Defendants DHS and FBI are compelled to conform their conduct to the requirements of the law.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

(1) Order Defendants to conduct a search for records responsive to Plaintiffs' FOIA requests and demonstrate that they employed search methods reasonably likely to lead to the discovery of all records responsive to Plaintiffs' FOIA requests;

(2) Order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiffs' FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA requests;

(4) Grant Plaintiffs an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to any applicable statute or authority, including 5 U.S.C. § 552(a)(4)(E); and

(5) Grant Plaintiffs such other relief as the Court deems just and proper.

Dated: January 3, 2023.

Respectfully Submitted,
Gun Owners of America, Inc. and
Gun Owners Foundation

 */s/ Robert J. Olson*
Robert J. Olson
(D.C. Bar No. 1029318)
Jeremiah L. Morgan
(D.C. Bar No. 1012943)
William J. Olson
(D.C. Bar No. 233833)
William J. Olson, P.C.
370 Maple Avenue West, Suite 4
Vienna, VA 22180-5615

703-356-5070 (telephone)
703-356-5085 (fax)
wjo@mindspring.com